

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# USA v. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1239

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Martinez" (2006). *2006 Decisions.* Paper 1094.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1094

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-1239

UNITED STATES OF AMERICA

v.

CARLOS MARTINEZ,
also known as GEORGIE

Carlos Martinez,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Honorable Timothy J. Savage
District Court No.: 98-CR-00652-01

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 12, 2006

Before: BARRY, SMITH, and TASHIMA,[*] *Circuit Judges*
(Filed: May 18, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge.*

---

[*] The Honorable A. Wallace Tashima, Senior Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Appellant Carlos Martinez was indicted by a grand jury and charged with two counts of knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). He pled guilty to all three counts on April 30, 2003. On January 18, 2005, the District Court held a sentencing hearing. At that hearing, the Government urged the Court to include a two-point enhancement for obstruction of justice because Martinez had fled to Florida after his arrest; accordingly, the Government proposed that Martinez's advisory guideline sentence be based upon an offense level of 23. Defense counsel opposed the obstruction-of-justice enhancement and requested a two-level "safety-valve" reduction under United States Sentencing Guidelines § 2D1.1(b)(7), which would have resulted in an offense level of 19. The District Court declined to apply either the enhancement or the reduction, calculated Martinez's offense level at 21, and imposed a 46-month term of imprisonment, a five-year term of supervised release, and a special assessment of $300. Martinez filed this timely appeal, arguing that the District Court erred in failing to apply a two-level "safety valve" reduction pursuant to United States Sentencing Guidelines § 2D1.1(b)(7).[1] Because we conclude that Martinez expressly waived this issue at the sentencing hearing, we will affirm the sentence imposed by the

---

[1] The Government does not appeal the District Court's decision regarding the application of the obstruction-of-justice enhancement.

District Court.[2]

I.

Section 2D1.1(b)(7) of the United States Sentencing Guidelines permits a district court to impose a sentence without regard to the statutory minimum in certain drug-related cases. Under this so-called "safety-valve" provision, the court may reduce a defendant's Guideline offense level by two levels if the defendant meets five statutory conditions set forth in U.S.S.G. § 5C1.2(a).[3] At the sentencing hearing, Martinez claimed

---

[2] The District Court had jurisdiction over the case pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] Specifically, the following criteria must be met:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

3

that he had satisfied each of the requirements and requested that the court apply the safety-valve reduction. The Government conceded that Martinez met four of the five conditions, but argued that he was ineligible for a reduction under § 2D1.1(b)(7) because he failed to timely provide truthful information and evidence related to his offense. Accordingly, the Government urged the District Court to deny Martinez's request for the two-level reduction.

After hearing testimony from a Drug Enforcement Administration agent who had interviewed Martinez, the Court concluded that Martinez had been given several opportunities to provide the Government with truthful information related to his offense, but that he failed to do so. Nevertheless, the Court offered Martinez one last opportunity to fulfill the fifth condition by providing relevant information on the record. Initially, Martinez indicated that he would answer any questions from the Government, but when the District Court agreed with the Government's position that it did not have an obligation to conduct a direct examination, Martinez opted to confer with counsel and abandoned his request for a safety-valve reduction. Specifically, defense counsel stated:

> Judge, having conferred with my client, we are willing to accept a ruling by the Court, that he does not qualify for the safety valve, based on a failure to fulfill all four [sic] requirements of that provision. And we hope that the Court will conclude that Mr. Martinez is not susceptible to an upward adjustment for the obstruction of justice . . . .

App. at 49. The Court then asked: "My understanding is that you know that he is not eligible for the safety valve?" *Id.* Defense counsel responded: "That is right, Judge." *Id.* The District Court proceeded to impose a sentence which did not include a safety-valve

4

reduction.

II.

On appeal, Martinez argues that the District Court erred in failing to apply the safety-valve reduction. The Government contends that Martinez waived his request for a reduction under U.S.S.G. § 2D1.1(b)(7) and that appellate review is therefore precluded. We agree.

In contrast to forfeiture, which is defined as "the failure to make the timely assertion of a right," waiver is "'the intentional relinquishment or abandonment of a known right.'" *United States v. Olano,* 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). When a defendant waives a known right, he may not seek relief on appeal. *Virgin Islands v. Rosa*, 399 F.3d 283, 291 (3d Cir. 2005). As we explained in *Rosa*, 399 F.3d at 291, "an explicit agreement or stipulation constitutes a waiver of rights if the defendant was aware of the right."

In this case, the colloquy between defense counsel and the District Court makes clear that Martinez was aware of the existence of the safety-valve reduction and understood the criteria that he was required to satisfy in order to receive it. It is equally clear that he intentionally and knowingly relinquished any claim of entitlement to such a reduction. Accordingly, Martinez is not entitled to seek relief on appeal and we need not consider whether he would have been eligible for a "safety-valve" reduction in the first instance. We will therefore affirm the judgment imposed by the District Court.

5